1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GALLINA,<br><br>                                   Plaintiff,<br><br>        vs.<br><br>THERMOSPAS, INC., a Connecticut<br>corporation; and DOES 1 thorugh 30,<br>inclusive,<br><br>                                   Defendant. | CASE NO. 11-CV-1548 JLS (CAB)<br><br>**ORDER: DIRECTING PARTIES TO APPEAR REGARDING APPLICATION FOR LEAVE TO WITHDRAW AS DEFENDANT THERMOSPAS, INC.'S COUNSEL**<br><br>(ECF No. 12) |

Presently before the Court is the parties' joint motion for leave for Call & Jensen to withdraw as counsel for Defendant Thermospas, Inc. (ECF No. 12.)

Local Rule 83.3 provides that the substitution of an attorney appearing for a party must be approved by the Court. S.D. Cal. L.R. 83.3(g). Further, a "notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. A declaration pertaining to such service must be filed." *Id.* The Court is satisfied that the instant motion and supporting documents satisfy these requirements. However, the Court's inquiry does not end there. In deciding whether to grant an application of an attorney to withdraw as counsel, the Court has considerable discretion. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing district court's order denying motion to withdraw as counsel for abuse of discretion).

//

11cv1548

1        Here, the motion was timely made well before the case would proceed to trial, and there is

2 no showing that the withdrawal would prejudice the parties. It is generally recognized that a

3 client's failure or refusal to pay its attorney's proper fees or expenses after a reasonable request is

4 grounds for the attorney to withdraw from the case. Further, a client's disappearance or counsel's

5 inability to contact the client may constitute grounds to withdraw. *See, e.g.*, *White v. Hicks*, 2009

6 WL 89114 at *2-3 (E.D. Cal. Jan. 12, 2009).

7        However, the Court should not grant an attorney's request for leave to withdraw in the

8 absence of his or her client until the client has been given notice and an opportunity to be heard, as

9 well as an opportunity to obtain substitute counsel. *See* 7A C.J.S. *Attorney & Client* § 269 (2011).

10 In support of the instant motion, Defendant's counsel Call & Jensen submits that a copy of this

11 motion has been served upon the client by e-mail and certified mail. (Egley Decl. ¶ 10, ECF No.

12 12-2.) The Court recognizes that in light of counsel's assertions that the client has been

13 impossible to contact, providing actual notice may be difficult. Consequently, in order to ensure

14 the client's rights have been adequately protected, the Court **HEREBY ORDERS** Defense

15 counsel to serve a copy of this Order on Thermospas, Inc. at its last known address:

16                Thermospas, Inc.
                Attn: Mike Corrigan

17                155 East Street
                Wallingford, CT 06492

18                (203) 265-6133

19        This Order shall serve as final notice to Defendant Thermospas, Inc. that failure to take

20 action may result in serious legal consequences. *See, e.g., Urethane Foam Experts, Inc. v. Latimer*,

21 31 Cal. App. 4th 763, 406 (1995) (finding the trial court erred in allowing counsel of record to

22 withdraw without advising corporate defendant of the consequences of failure to obtain new

23 counsel.) As a corporation, Thermospas, Inc. may participate in the action only through an

24 attorney. *Rowland v. California Men's Colony*, 506 U.S. 195, 201-02 (1993) ("It has been the law

25 for the better part of two centuries . . . that a corporation may appear in the federal courts only

26 through licensed counsel.") Further, Defendant will retain all the obligations of a litigant even if

27 //

28 //

1   not represented by counsel, and its failure to appoint an attorney may lead to adverse results, such

2   as the entry of default against it.[1]

3          All parties to this action, including Plaintiff, Defendant's current counsel of record, and a

4   representative of Defendant Thermospas, Inc. **SHALL APPEAR** before the Court on Thursday,

5   January 19 at 1:30 pm in Courtroom 6.  At that time, Defendant shall inform the Court of the

6   action it has taken in securing counsel and proceeding in its defense in this case.  If Defendant

7   does not appear or in any way respond to the parties' joint motion, the Court will grant Call &

8   Jensen leave to withdraw.

9          **IT IS SO ORDERED**.

10

11  DATED:  December 8, 2011

12                                                          _____
                                                            Honorable Janis L. Sammartino
13                                                          United States District Judge

14

15

16

17

18

19

20

21

22          [1]*See, e.g.*, *Consol. Cigar Corp. v. Monte Cristi de Tabacos*, 58 F.Supp.2d 188, 191
    (S.D.N.Y.1999) (granting default judgment against defendant corporation after the corporation had
23  failed to retain new counsel when previous counsel was permitted to withdraw); *R. Maganlal & Co.
    v. M.G. Chem. Co., Inc.*, 1996 WL 420234, at *3 (S.D.N.Y. July 25, 1996) (granting attorney's request
24  to withdraw and notifying defendant corporation that "failure to retain new counsel may result in the
    entry of a default"); *Dianese, Inc. v. Pennsylvania*, 2002 WL 1340316, at *2 (E.D. Pa. June 19, 2002)
25  (permitting withdrawal even though plaintiff corporation would go unrepresented, and still refusing
    to allow corporation to appear without counsel); *Grass Lake All Seasons Resort, Inc. v. United States*,
26  2005 WL 3447869, at *2 (E.D.Mich. Dec.15, 2005) (discussing how the Court had previously granted
    counsel for plaintiff corporation's request to withdraw without first requiring substitute counsel);
27  *Carrico v. Village of Sugar Mountain*, 114 F. Supp. 2d 422, 424 (W.D.N.C.2000) (dismissing
    corporate plaintiff's claims after, in a previous ruling allowing plaintiff's counsel to withdraw); *Fed.
28  Ins. Co. v. Yusen Air & Sea Servs.*, 2001 WL 498412, at *3 (S.D.N.Y. May 9, 2001) (permitting
    withdrawal even though no substitute counsel had been retained).